UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ERICK JAVIER AMADOR-VILLALOBOS,

Petitioner,

v. Case No. 3:26-cv-2233-MMH-LLL

WARDEN, NORTH FLORIDA DETENTION FACILITY and U.S. ATTORNEY GENERAL,

Respondents.

# ORDER

Petitioner Erick Javier Amador-Villalobos, an immigration detainee, initiated this action by filing a pro se Petition for Writ of Habeas Corpus (Doc. 1) on August 26, 2026. Amador-Villalobos, a citizen of Nicaragua, entered the United States on January 26, 2022. Doc. 6-1 at 2. A United States border patrol agent detained Amador-Villalobos. Id. Amador-Villalobos was issued a notice to appear,[1] id.; he was then released on his own recognizance on February 10, 2022, Doc. 6-2 at 1.

On June 10, 2026, an immigration judge granted the Department of Homeland Security's (DHS) motion to dismiss Amador-Villalobos's removal proceedings. Doc. 6-3 at 1–3. On that same day, DHS processed Amador-

[1] The Federal Respondent does not include this notice to appear as an exhibit.

Villalobos as an expedited removal pursuant to 8 U.S.C. § 1225(b)(1), Doc. 6-4 at 1, and United States Immigration and Customs Enforcement (ICE) detained Amador-Villalobos to effectuate expedited removal, Doc. 6-1 at 2. Amador-Villalobos "was found to have a credible fear of persecution or torture and placed back into removal proceedings." Doc. 6 at 2; see also Doc. 6-5 at 1. A notice to appear issued on August 19, 2026, charged Amador-Villalobos as "an alien present within the United States who has not been admitted or paroled." Doc. 6-5 at 1. The crux of Amador-Villalobos's Petition is that he is not subject to mandatory detention under 8 U.S.C. § 1225(b). See Doc. 1 at 3–5. As relief, he seeks, inter alia, immediate release. Id. at 5.

The Federal Respondent filed a Response (Doc. 6) arguing that the Court lacks jurisdiction over the Petition. Id. at 3–5. However, the Federal Respondent further asserts that DHS is detaining Amador-Villalobos under 8 U.S.C. § 1225(b)(1)(B)(ii), which "mandates that Amador-Villalobos be detained while his asylum petition is pending." Id. at 5.

The Court is satisfied it has jurisdiction over Amador-Villalobos's claims. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778 (M.D. Fla. Apr. 21, 2026); Lopez v. Rhoden, No. 3:26-CV-94-MMH-PDB, 2026 WL 931190 (M.D. Fla. Apr. 7, 2026). As to the merits, the Court finds that Amador-Villalobos is not properly detained under § 1225(b)(1)(B)(ii) as the

Federal Respondent contends. Section 1225(b)(1) provides for expedited removal proceedings in the case of "arriving" aliens or aliens "described in clause (iii)." The latter category of aliens is defined as those

> who ha[ve] not been admitted or paroled into the United States, and who ha[ve] not affirmatively shown, to the satisfaction of an immigration officer, that the alien has been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility under this subparagraph.

8 U.S.C. § 1225(b)(1)(A)(iii)(II).

Here, Amador-Villalobos does not qualify as an arriving alien. When DHS issued a second notice to appear to Amador-Villalobos on August 19, 2026, Amador-Villalobos had been present in the United States for over four years. Indeed, the United States Court of Appeals for the Eleventh Circuit recently concluded that "§ 1225 applies to arriving aliens <u>seeking entry at the border</u>, whereas § 1226 applies to aliens unlawfully in the interior." <u>Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami</u>, 175 F.4th 1258, 1276 (11th Cir. 2026) (emphasis added). Although <u>Hernandez Alvarez</u> did not directly address the circumstance of a petitioner, like Amador-Villalobos, who was detained for expedited removal proceedings years after his initial entry into the United States, Amador-Villalobos was not seeking entry at the border when he was re-detained. <u>See</u> <u>id.</u> at 1285 (recognizing the "longstanding border-interior

distinction" for purposes of immigration detention that Congress preserved in the INA). And, when Amador-Villalobos could have been considered an arriving alien in 2022, DHS chose not to enforce § 1225 and instead, released Amador-Villalobos on his own recognizance.

Also, Amador-Villalobos does not fall into the second category of aliens described in § 1225(b)(1). Amador-Villalobos was paroled into the United States in 2022. See Alfonso v. Current Warden, Miramar ICE Field Off., 831 F. Supp. 3d 1251, 1258 (S.D. Fla. 2026)[2] (noting petitioner's release on his own recognizance "is necessarily a form of parole"). And, he had been continuously present in the United States for more than two years when he was detained in 2026 for expedited removal proceedings. See id. at 1259. Therefore, Amador-Villalobos's detention under § 1225(b)(1) is unlawful.

Because the Court finds that Amador-Villalobos is not properly detained under § 1225(b)(1) as the Federal Respondent contends, and the Federal Respondent fails to address any alternative, the Court finds that release is the appropriate remedy. See Fonseca, 2026 WL 1072778, *5 (finding immediate

[2] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

release to be the appropriate remedy based on the government's failure to argue in the alternative that petitioner would be subject to § 1226 and the government's inability to guarantee that a bond hearing would be held[3]).

Accordingly, it is **ORDERED**:

1. Amador-Villalobos's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.[4] Respondents shall release Amador-Villalobos **within 24 hours of this Order**. At least **five (5) hours** before releasing him, Respondents shall provide Amador-Villalobos with access to a telephone to arrange transportation from the detention facility.

2. Respondent Warden's Motion to Dismiss (Doc. 5) is **DENIED**. See, e.g., Fonseca, 2026 WL 1072778, *4–5.

---

[3] In the Fonseca case, the federal respondents represented that they would attempt to "facilitate" a bond hearing if the Court ordered one. Fonseca, 2026 WL 1072778, at *5. Here, the Federal Respondent did not include that statement in its Response. But the Court still finds that release is appropriate here. The Federal Respondent certifies that Amador-Villalobos is held under § 1225(b)(1), see Doc. 6 at 2, and the Court finds that § 1225(b)(1) does not apply. Thus, without any lawful basis for this detention, Amador-Villalobos is entitled to immediate release.

[4] The Court need not address Amador-Villalobos's remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

3. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th of September, 2026.

Marcia Morales Howard
MARCIA MORALES HOWARD
United States District Judge

Jax-9 9/15
c:
Erik Javier Amador-Villalobos, #A220902026
Counsel of record